# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
STEPHEN B. HALES,                    \*   No. 14-552V
                                     \*   Special Master Christian J. Moran
              Petitioner,            \*
                                     \*   Filed: March 9, 2017
v.                                   \*
                                     \*   Attorneys' fees and costs
SECRETARY OF HEALTH                  \*
AND HUMAN SERVICES,                  \*
                                     \*
              Respondent.            \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Douglas Lee Burdette, Burdette Law, PLLC, Seattle, WA, for Petitioner
Alexis B. Babcock, U.S. Dep't of Justice, Washington DC, for Respondent

**UNPUBLISHED DECISION ON FEES AND COSTS[1]**

      After receiving compensation through the Vaccine Program, Stephen B. Hales filed a motion for attorneys' fees and costs. Mr. Hales is awarded **$59,279.32**.

\*   \*   \*

      Mr. Hales alleged that the influenza vaccine he received caused him to develop polymyalgia rheumatic ("PMR"). Mr. Hales was awarded compensation based on the parties' stipulation. Decision, filed Oct. 28, 2016, 2016 WL 6945267. With the merits of Mr. Hales' case resolved, the parties turned to the issue of attorneys' fees and costs.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. §300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On November 1, 2016, Mr. Hales filed the pending motion for attorneys' fees and costs.  Mr. Hales requested $24,065.00 in attorneys' fees and $35,214.32 in attorneys' costs.  On November 18, 2017, the Secretary filed a response to Mr. Hales' application.  The Secretary stated that Mr. Hales had "satisfied the statutory requirements for an award of attorneys' fees and costs." Resp't's Resp., filed Nov. 18, 2016, at 2.  However, the Secretary asserted that the reasonable range for attorneys' fees and costs was $45,000.00 to $55,000.00 based upon similar cases and his experience litigating Vaccine Act claims. Id. at 3.  The Secretary cited three cases he considered comparable in support of his proposed range.  Further, the Secretary recommended that "the special master exercise his discretion" when determining the award for attorneys' fees and costs within that range. Id.

This matter is now ripe for adjudication.

\*    \*    \*

Because Mr. Hales received compensation, he is entitled to an award of reasonable attorneys' fees.  42 U.S.C. § 300aa-15(e).  As to the amount, the Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court must determine an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 88 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

\*    \*    \*

Mr. Hales requests compensation for his attorney, Mr. Douglass Lee Burdette.  For work on this case, Mr. Burdette charged $350 per hour.  Mr. Burdette was assisted by Ms. Kelly Burdette, who charged $250 per hour for her work on this case.  These rates have been found reasonable. See Jackson v. Sec'y of Health & Human Servs., No. 15-391, 2016 WL 8136090, at \*1 (Fed. Cl. Spec. Mstr. Dec. 5, 2016); Klopfenstein v. Sec'y of Health & Human Servs., No. 16-42V, 2016 WL 5799765, at \*1 (Fed. Cl. Spec. Mstr. Sept. 7, 2016).  These rates also reflect each attorney's experience and are consistent with the rates proposed in the McCulloch rate matrix. See generally McCulloch v. Sec'y of Health & Human Servs., No. 09-923V, 2015 WL 5634323, at \*18 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), reconsideration denied, No. 09-293V, WL 6181910 (Fed. Cl. Spec. Mstr.

Sept. 21, 2015).  The Secretary did not directly challenge the requested rates as unreasonable.  Therefore, the proposed rates are accepted as reasonable.

The second factor in the lodestar formula is a reasonable number of hours.  For the number of hours to be considered reasonable, they must not be excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In this case, Mr. Hales requested compensation for the 55.65 hours Mr. Burdette spent working on this case and the 18.35 hours Ms. Burdette spent working on this case.  The Secretary did not directly challenge either of these requests for hours worked as unreasonable.  Additionally, Mr. Burdette reviewed the hours billed and deleted time entries that he deemed should not be submitted to the Vaccine Program.  See Pet'r's Mot. filed Nov. 1, 2016, at 2.  This voluntary removal of hours demonstrates "billing judgment."

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").  All aspects of the application for attorneys' fees appear reasonable.

In addition to seeking an award for attorneys' fees, Mr. Hales seeks compensation for costs expended.  The amount requested represents costs associated with routine items, such as gathering medical records, and the cost of an expert.  The routine costs are adequately documented, reasonable, and awarded in full.

The bulk of the costs are for Dr. Zizic, who served as an expert in this case.  Dr. Zizic billed at a rate of $400 per hour for a total 80.9 hours.  To support the number of hours billed, three extremely detailed invoices were submitted which logged the date, Dr. Zizic's activity, and the time spent on each item.  For example, one entry reads "10/3/15 Read Crowson et al. Arth. Rheum 63:633, 2011 0.5 hours."  See Pet'r's Costs, filed Nov. 1, 2016, at 25.  These logs provide adequate documentation for the work Dr. Zizic performed.  Furthermore, in a May 8, 2015 order, the undersigned informed the parties that the expert's reports could serve as direct testimony.  It appears that counsel for Mr. Hales and Dr. Zizic took this direction to heart and prepared thorough reports.  These factors indicate that the

amount of time Dr. Zizic took, although perhaps high at first blush, was actually reasonable. Therefore, no adjustment is made to his time.

Additionally, Dr. Zizic opined on a subject matter in which he had significant experience, supporting his requested hourly rate. Dr. Zizic has been an Associate Professor of Medicine at Johns Hopkins University School of Medicine for approximately 20 years. Exhibit 14, filed Dec. 18, 2015, at 1. He served as the Associate Director of the Rheumatic Disease unit for Johns Hopkins for approximately nine years and has also served on various committees and boards. Id. Further, Dr. Zizic conducts research which requires him to maintain a working knowledge in the fields of rheumatology, toxicology, pharmacology, and epidemiology. Id. at 2. Dr. Zizic's expertise and adequate documentation of his work illustrate that the costs associated with his work as an expert are reasonable and therefore are awarded in full.

While the foregoing analysis is the basis for this decision the undersigned also considered the cases the Secretary offered as relevant comparisons. The three cases involved the award of attorneys' fees and costs when cases had been resolved after the filing of expert reports. See Wilson v. Sec'y of Health & Human Servs., No. 10-483V, 2015 WL 720814, at *1 (Fed. Cl. Spec. Mstr. Jan. 26, 2015) (awarding $52,031.18 in attorneys' fees and costs); Sankaran v. Sec'y of Health & Human Servs., No. 11-248V, 2015 WL 2357739, at *1 (Fed. Cl. Spec. Mstr. Apr. 20, 2015) (awarding $54,224.42 in attorneys' fees and costs); Velk v. Sec'y of Health & Human Servs., No. 14-59V, 2016 WL 1762194, at *1 (Fed. Cl. Spec. Mstr. Apr. 8, 2016) (awarding $53,460.50 in attorneys' fees and costs).

Further, $55,000 was given by the Secretary as the maximum in the range for reasonable attorneys' fees and costs. Here, the difference between the Secretary's maximum limit and the amount requested by Mr. Hales is $4,279.32. Based upon the undersigned's experience in adjudicating fee applications, it is highly probable that counsel for the parties could have engaged in discussions to reach a compromise, but the Secretary's resistance to do so has led to an increase in litigation. See Whitney v. Sec'y of Health & Human Servs., No. 10-809V, 2017 WL 4491499, at *7 (Fed. Cl. July 17, 2016).

\*   \*   \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $59,279.32 ($24,065.00 in fees and $35,214.32 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.

Pursuant to General Order No. 9, Mr. Hales states that he did not personally incur any costs in pursuit of this litigation. The undersigned GRANTS the petitioner's motion and awards **$59,279.32** in attorneys' fees and costs. This shall be paid as follows:

> **A lump sum of $59,279.32, in the form of a check made payable to petitioner and petitioner's attorney, Douglas Lee Burdette, of Burdette Law, for attorneys' fees and other litigation costs available under 42 U.S.C. §300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court is directed to enter judgement herewith.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.